James Elmer KAMPER, et al., Plaintiffs,

v.

Gary GRAY, et al., Defendants.

No. 4:96CV1675 RWS.

United States District Court,
E.D. Missouri,
Eastern Division.

Oct. 30, 1998.

Frank K. Carlson, Carlson and Hellmann, Union, MO, Michael P. Bastian, St. Louis, MO, for Plaintiffs.

Peter J. Dunne, Rabbitt and Pitzer, Lawrence B. Grebel, Timothy W. Luft, Brown and James, P.C., Robert J. Krehbiel, Michael J. Luna, Evans and Dixon, Kathi L. Chestnut, Jill K. Luft, Kathi L. Chestnut, P.C., Gary E. Wiseman, Thomas J. Noonan, P.C., william A. Hellmich, John N. Borbonus, III, King and Koster, St. Louis, MO, for Defendants.

Steven L. Leonard, Haller and Leonard, St. Louis, MO, for movant.

## MEMORANDUM AND ORDER

SIPPEL, District Judge.

This matter is before the Court on Gary Gray's ("Gray") Motion to Quash the Custodian of Records Deposition of Colarelli, Meyer, and Associates and Defendant William Hammack's ("Hammack") Motion to Quash the Custodian of Records Deposition of Colarelli, Meyer, and Associates and to Quash the Custodian of Records Deposition of Dr. Mitchell Alevy.

The Court finds that neither Gray's nor Hammack's communications with Colarelli, Meyer, and Associates and/or Dr. Alevy were confidential communications which are protected under the psychotherapist/patient privilege. Consequently, the Court will deny Gray's and Hammack's motions to quash these depositions subject to the limitations discussed within this Order.

Gray and Hammack were undercover police officers who were involved in a shooting incident with three of the four Plaintiffs. Plaintiffs issued a subpoena to the Custodian of Records of Colarelli, Meyer, and Associates and to the Custodian of Records of Mitchell Alevy seeking the discovery of all of the records these custodians may have pertaining to either Gray or Hammack.

Gray seeks the Court's protection from only the subpoena issued to Colarelli, Meyer, and Associates. Hammack seeks protection from the subpoena issued to the custodian of records for both Colarelli, Meyer, and Associates and Dr. Mitchell Alevy.

### Gray's Motion to Quash

Gray has been given a psychological evaluation by Colarelli, Meyer, and Associates on two occasions as part of his employment as a police officer with Franklin County. An initial evaluation was performed in October of 1990 in conjunction with the hiring of Gray as an undercover police officer. A second evaluation was performed in August of 1991 following the shooting incident that is the subject of the present lawsuit. Colarelli, Meyer, and Associates prepared a report after each evaluation and submitted a copy to Gray's employer.

In his motion, Gray asserts that these reports and any underlying documents, notes or test scores held by Colarelli, Meyer, and Associates are privileged communications under *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). In *Jaffee* the Supreme Court established a federal psychotherapist/patient privilege that protects all confidential communications made by a patient to a licensed psychiatrist and psychologist. *Id.* at 15, 116 S.Ct. at 1931. The privilege extends to licensed social workers in the course of psychotherapy. *Id.* The privilege covers confidential communications between the licensed psychotherapist and the patient in the course of diagnosis or treatment. *Id.*

Gray claims that he has not waived any privilege regarding the communications he had with Colarelli, Meyer, and Associates. However, the two reports that Colarelli, Meyer, and Associates generated and gave to Gray's employer became part of Gray's Franklin County employment file. Gray's trial expert, Glen Murphy, received a copy of Gray's employment file and read both reports. Mr. Murphy specifically refers to Colarelli, Meyer, and Associates's pre-hire report of Gray in his preliminary report provided as part of his deposition. Gray asserts that the disclosure of these reports to Mr. Murphy was inadvertent and did not constitute a waiver of the asserted psychotherapist/patient privilege.

Whether Gray has waived the psychotherapist/patient privilege is not an issue that the Court need address because the Court finds that the privilege was never established.

In his deposition Gray testifies that he has never been treated by a psychiatrist or a psychologist. (Plaintiffs' Joint Reply Brief in Opposition to Defendant Gray's Motion for Protective Order, Ex. 1) He states that he had seen "some lady" in Clayton prior to his employment as a member of the undercover task force. That person administered written tests to Gray that were required by his employer before Gray could be assigned to the undercover task force. Gray states that he has never seen any other mental health professional for any other purpose.

Gray's own testimony is inconsistent with his present assertion that the information which the Plaintiff's seek to uncover is protected by the psychotherapist/patient privilege. Gray has failed to identify any individual who is a licensed psychotherapist at Colarelli, Meyer, and Associates with whom he had confidential communications. Since Gray states that he never sought counseling or treatment from any psychotherapist he cannot now seek protection from the discovery of such nonexistent communications.

In addition, the psychotherapist/patient privilege is invoked to protect confidential communications from disclosure. When the communications between a psychotherapist and the party seeking to invoke the privilege were never deemed confidential, the privilege never vests.

In the present case Gray's employer required him to visit Colarelli, Meyer, and Associates for psychological evaluations both before he was hired and after the shooting incident that is the subject of the present case. It was understood that the results of these evaluations would be submitted to Gray's employer and, in fact, they were in the form of the two reports that are part of Gray's employment file.

These facts point to an important distinction between the Gray's claim of privilege and the officer's claim of privilege in the *Jaffee* case. In *Jaffee* it appears that the defendant police officer voluntarily sought counseling and that no reports regarding these sessions were submitted by the counselor to third parties. In contrast, Gray was required to be evaluated by Colarelli, Meyer, and Associates and reports of those evaluations were submitted to Gray's employer. Since he was aware that his evaluations would be reported to his employer, Gray had no reasonable expectation of confidentiality regarding his communications with Colarelli, Meyer, and Associates. The psychotherapist/patient privilege cannot be invoked in

Gray's situation in the absence of intended confidential communications. *See Barrett v. Vojtas,* 182 F.R.D. 177, 179–80 (W.D.Pa.1998) (police officer ordered by his employer to undergo psychological evaluations knew that the examining doctors would report their evaluations to the officer's employer, thus officer had no expectation that his conversations with the doctors were confidential and the psychotherapist/patient privilege never was created.) [1]

If the psychotherapist/patient privilege has never been created then all reports, notes, documents, and test scores may be discoverable. *Id.* (not only were the reports submitted to the officer's employers discoverable but the officer's conversations and notes taken during the examinations were not protected by the psychotherapist/patient privilege recognized in *Jaffee* ).

Therefore, the Court finds that the reports, notes, test scores, and other documents held by Colarelli, Meyer, and Associates concerning Gray's initial and post-shooting visits are not protected from discovery under the psychotherapist/patient privilege.

■ Although documents may not be protected from discovery under an asserted privilege, discovery is still limited in scope to "any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party ..." Fed.R.Civ.P. 26(b)(1). Gray asserts that since he has not put his mental health at issue in this case, discovery of information that Colarelli, Meyer, and Associates may have is not relevant under Rule 26(b)(1). The Court, however, finds that any records and/or documents that Colarelli, Meyer, and Associates may have regarding Gray and his involvement in the shooting incident on August 23–24, 1991 are relevant and discover-

---

1. Throughout *Jaffee,* the Supreme Court analyzed the confidential communications protected by the psychotherapist/patient privilege in light of the protection afforded by the attorney/client privilege. Under the attorney/client privilege, if purported confidential information has been or is later shared with third-parties, the privilege does

not apply. *State of North Dakota v. Andrus,* 581 F.2d 177, 181 (8th Cir.1978) (internal citations omitted). The same rule should apply to the psychotherapist/patient privilege. When purported confidential communications are shared with third-parties, here Gray's employer, the privilege does not apply.

able. Plaintiffs' discovery of these records is limited to those documents concerning Gray and his involvement in the shooting incident.

■ In addition, although the records and/or documents held by Colarelli, Meyer, and Associates concerning Gray's initial pre-hire evaluation in October of 1990 would usually not be relevant, Gray has made them relevant. Gray's trial expert, Mr. Murphy, in his preliminary report specifically references Gray's psychological investigation by Colarelli, Meyer, and Associates in October of 1990. Gray's expert's review of and citation to Gray's October 1990 pre-hire evaluation makes it relevant and subject to discovery. But the discovery will be limited to the information that Mr. Murphy reviewed concerning this investigation, namely, the report of Colarelli, Meyer, and Associates that became part of Gray's Franklin County employment file.

Finally, even though Gray has not moved to quash the deposition of the custodian of records for Dr. Mitchell Alevy the Court will briefly address this subpoena. Given Gray's denial in his deposition of diagnosis or treatment by any psychiatrist or psychologist, any additional claim that Gray asserts that he had privileged communications with Dr. Alevy will be met with circumspection by the Court. If, however, Gray met with Dr. Alevy as part of the evaluations mandated by Gray's employer, Gray will be unable to assert the psychotherapist/patient privilege for the same reasons discussed above. If this is the case then Plaintiffs are free to discover the same information about Gray from Dr. Alevy as the Court has stated is available from Colarelli, Meyer, and Associates. Namely, any documents, notes or records that Dr. Alevy may have regarding Gray and his involvement in the shooting incident on August 23–24, 1991 as well as any information reviewed by Mr. Murphy concerning Gray's initial pre-hire evaluation.

### Hammack's Motion to Quash

Hammack also asserts the psychotherapist/patient privilege to prevent discovery of records held by Colarelli, Meyer, and Associates and Dr. Alevy. The Court finds that Hammack's claim of privilege, like Gray's, is defective because Hammack's pre-hire evaluation and post-shooting evaluation were mandated by his employer and do not contain confidential communications intended for protection under *Jaffee*.

■ However, Hammack's case differs from Gray's in two respects. First, unlike Gray's initial pre-hire evaluation by Colarelli, Meyer, and Associates (and presumably Dr. Alevy), Hammack's pre-hire evaluation has not been reviewed and cited by any prospective trial expert. Since ·Hammack has not made his mental health an issue in this case, the Court finds that Hammack's pre-hire evaluation is not relevant and has not been made so by any action on the part of Hammack. Therefore, the Court will not allow Plaintiffs to obtain any records or documents of Colarelli, Meyer, and Associates or Dr. Alevy concerning Hammack's pre-hire evaluation.

Therefore, Plaintiffs discovery of Hammack's psychological evaluations will be limited to any documents, notes or records that Colarelli, Meyer, and Associates or Dr. Alevy may have regarding Hammack and his involvement in the shooting incident on August 23–24, 1991. There is an asterisk to this discovery however.

Hammack has asserted that a few months after the shooting incident he and his wife sought professional counseling from a mental health care provider.[2] Hammack initiated this contact with the mental health care provider because his wife had concerns for his physical safety after Plaintiffs were released from custody on bond.[3] Hammack is unable

---

2. Hammack is unable to recall the exact date of this counseling session.

3. The fact that Hammack and his wife were both present at the counseling session does not defeat the confidential communication requirement of *Jaffee*. A "common-interest doctrine" is recognized regarding the attorney/client privilege which protects the confidentiality of information

revealed to an attorney in the presence of two or more clients who share a common interest in the litigated matter. *In re Grand Jury Subpoena Duces Tecum,* 112 F.3d 910, 922 (8th Cir.1997). Such a "common-interest doctrine" should certainly be extended to the psychotherapist/patient privilege when a husband and wife seek mutual counseling.

to recall the name of the doctor or organization that he and his wife visited on this single occasion.

The Court finds that this counseling session was not mandated by Hammack's employer and was meant to be confidential. If the mental health worker was a licensed provider of mental health care, any communications between the Hammacks and the mental health worker at this session would be privileged under *Jaffee*. This session may have taken place at Colarelli, Meyer, and Associates with a licensed mental health worker or with Dr. Alevy. In order to protect any inadvertent disclosure of the Hammacks' communications at this one counseling session, the Court orders that if Colarelli, Meyer, and Associates or Dr. Alevy have any records of this session, and if the session was held with a licensed mental health worker, then these records shall not be provided to Plaintiffs.

Accordingly,

**IT IS HEREBY ORDERED** that Gary Gray's Motion to Quash the Custodian of Records Deposition of Colarelli, Meyer, and Associates [Doc. # 174] is **DENIED**, however, Plaintiffs' discovery of Colarelli, Meyer, and Associates' records is limited to those documents concerning Gray and his involvement in the shooting incident on August 23–24, 1991 and to the pre-hire report that Mr. Murphy reviewed.

**IT IS FURTHER ORDERED** that Defendant William Hammack's Motion to Quash the Custodian of Records Deposition of Colarelli, Meyer, and Associates [Doc. # 177] and to Quash the Custodian of Records Deposition of Dr. Mitchell Alevy [Doc. # 176] are **DENIED**, however, Plaintiffs' discovery of Colarelli, Meyer, and Associates' and Dr. Alevy's records is limited to those documents concerning Hammack and his involvement in the shooting incident on August 23–24, 1991.