Glenn W. **PHELPS**, Jr., Plaintiff,

v.

Robert M. **COY**, Jr., et al., Defendants.

No. C–3–98–369.

United States District Court,
S.D. Ohio,
Western Division.

March 22, 2000.

---

David M. Deutsch, Dayton, OH, for plaintiff.

Lawrence E. Barbiere, Cincinnati, OH, Neil F. Freund, Lynnette P. Ballatto, Dayton, OH, for defendant.

## DECISION AND ENTRY OVERRULING MOTION FOR PROTECTIVE ORDER OF DEFENDANT ROBERT M. COY, JR. (DOC. # 61)

RICE, Chief Judge.

This litigation is before the Court on a Motion for Protective Order (Doc. # 61), filed by Defendant Robert Coy, Jr. ("Coy"). Therein, Coy states that the Plaintiff has served a Notice of Deposition, with which he intends to depose Kathryn Hitchcock ("Hitchcock"), a psychologist retained by his employer, the City of Xenia. In addition, Coy states that Plaintiff has requested, with the Notice of Deposition, that Hitchcock bring to that deposition her records concerning any evaluation she has conducted of Coy during the past 10 years. According to Coy, any communications with Hitchcock, as well as her records, are privileged under the psychologist-patient privilege, as recognized by the Supreme Court in *Jaffee v. Redmond,* 518 U.S. 1, 116 S.Ct. 1923, 135 L.Ed.2d 337 (1996). Therefore, his argument continues, this Court should enter a protective order, prohibiting Plaintiff from deposing Hitchcock or obtaining her records. In response, the Plaintiff argues that the Supreme Court's decision in *Jaffee* is distinguishable from the instant discovery dispute, since that decision merely held that confidential communications between a patient and a mental health professional are privileged. In this litigation, Plaintiff states he is merely seeking to discover psychiatric evaluations of Coy, conducted in connection with his duty as a police officer employed by the City of Xenia, in particular "records regarding psychiatric evaluations, reports, notes, documents and test scores of Defendant Coy [which were] reported to his employers." Doc. # 66 at 4. According to the Plaintiff, such materials do not constitute confidential communications. For reasons which follow, this Court agrees with Plaintiff that, since he is not seeking the disclosure of confidential *communications,* the privilege recognized in *Jaffee* does not prevent him from seeking to discover that information.

In *Jaffee,* the plaintiff's decedent was shot and killed by the defendant, a police officer. The plaintiff brought claims under 42 U.S.C. § 1983 and the law of Illinois against that officer. During discovery, the plaintiff learned that the defendant had participated in about 50 counseling sessions with a licensed social worker, employed by the municipality for whom the defendant worked. Although the District Court concluded that the plaintiff was entitled to discover the notes from those sessions, the defendant and the social worker refused to produce them. As a consequence, the District Court instructed the jury that it could presume that the contents of the notes would be unfavorable to the defendant. After the jury had found for the plaintiff, the Seventh Circuit reversed, recognizing a federal psychotherapist-patient privilege under Rule 501 of the Federal Rules of Evidence. Upon further appeal, the Supreme Court held that "*confidential* communications between a licensed psychotherapist and her patients in the course of diagnosis or treatment are protected from compelled disclosure under Rule 501

of the Federal Rules of Evidence." 518 U.S. at 14, 116 S.Ct. 1923 (emphasis added).[1] That the privilege recognized by the *Jaffee* Court was limited to *confidential* communications between a psychotherapist and her patient can be seen by examining the rationale employed by the Supreme Court. For instance, the *Jaffee* Court noted:

> Like the spousal and attorney-client privileges, the psychotherapist-patient privilege is rooted in the imperative need for confidence and trust. Treatment by a physician for physical ailments can often proceed successfully on the basis of a physical examination, objective information supplied by the patient, and the results of diagnostic tests. Effective psychotherapy, by contrast, depends upon an atmosphere of confidence and trust in which the patient is willing to make a frank and complete disclosure of facts, emotions, memories, and fears. Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace. For this reason, the mere possibility of disclosure may impede development of the confidential relationship necessary for successful treatment.

*Id.*, 518 U.S. at 10, 116 S.Ct. 1923 (internal quotation marks, citation and footnote omitted).

Herein, the Plaintiff expressly states that he is seeking to discover only that information which Hitchcock learned from Coy when she evaluated him at the behest of his employer and, subsequently, disclosed to that employer. Since those communications were disclosed to Coy's employer, they were not

confidential. That conclusion is fully supported by the Sixth Circuit's decision in *United States v. Hubbard*, 16 F.3d 694, 697 (6th Cir.1994), *reversed in part on other grounds*, 514 U.S. 695, 115 S.Ct. 1754, 131 L.Ed.2d 779 (1995), holding that the attorney-client privilege did not extend to a communication from a client to his attorney, since it was expected that the attorney would convey the information to the client's bankruptcy trustee and, as a result, the communication from the client to the attorney was not confidential.[2]

Moreover, two recent District Court decisions have reached similar results in analogous cases. In *Barrett v. Vojtas*, 182 F.R.D. 177 (W.D.Pa.1998), the plaintiff brought an action, under 42 U.S.C. § 1983 and state law, against a police officer who had killed her daughter. After the death of the plaintiff's decedent, the municipality which employed the officer ordered him to be evaluated by two psychiatrists and a psychologist, with the municipality receiving reports from each of those sessions. When the plaintiff sought to discover the records from those evaluations, the officer sought a protective order, arguing that they were covered by the privilege recognized by the Supreme Court in *Jaffee*. The District Court disagreed, concluding *Jaffee* applied only to confidential communications between a patient and a mental health professional and, further, that those at issue therein were not such since they were intended to be disclosed to a third party. In *Kamper v. Gray*, 182 F.R.D. 597 (E.D.Mo. 1998), the District Court reached the same conclusion, in another case in which the plaintiffs sought to discover reports from the psychological evaluations conducted of the defendants at the time they were hired as

---

1. The *Jaffee* Court also concluded that the privilege extended to such communications between a patient and licensed social worker. 518 U.S. at 15–17, 116 S.Ct. 1923.

2. In his Reply Memorandum (Doc. # 67), Coy argues that the Plaintiff is attempting to narrow the privilege recognized by *Jaffee* to instances in which the patient has voluntarily sought treatment, as opposed to being required to obtain same by his employer. This Court does not agree. Plaintiff's contention is that the privilege

recognized in *Jaffee* does not attach to the communications between Coy and Hitchcock, when she evaluated him at the behest of his employer, because she ultimately provided the results of those evaluations to that employer. For reasons set forth above, this Court agrees with the Plaintiff that the anticipated disclosure by Hitchcock to Coy's employer meant that the communications were not confidential and that, therefore, they were not privileged under *Jaffee*.

police officers and after the shooting incident that gave rise to that lawsuit. The court reasoned that the communications between the officers and the mental health professionals were not confidential, since the results of the evaluations had been provided to the defendants' employer. Consequently, the District Court concluded that the *Jaffee* privilege was inapplicable.

Accordingly, the Court overrules Coy's Motion for Protective Order (Doc. # 61).